**In re Ronald Gene THORSON, Debtor.**

**Bankruptcy No. 480–00101.**

United States Bankruptcy Court,
D. South Dakota.

Oct. 24, 1980.

**680**

J. Bruce Blake, Sioux Falls, S. D., for Thorson.

Robert E. Hayes, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for creditor.

Rick A. Yarnall, Dana, Golden, Moore & Rasmussen, Sioux Falls, S. D., for trustee in bankruptcy.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Ronald Gene Thorson, Debtor, filed a Chapter 13 bankruptcy on April 15, 1980. This Bankruptcy Court held a confirmation hearing at which time it took under advisement whether Debtor's proposed Chapter 13 Plan should be confirmed.

## FACTS

At the confirmation hearing the Trustee made the following report to the Court: Debtor is employed by R. T., Inc., and has three minor children in his custody. Debtor's average monthly take–home pay is $850.00. Debtor has reasonable monthly expenses of $683.00, leaving $167.00 a month that could be paid under à Chapter 13 Plan. Debtor proposes to pay Trustee under his Chapter 13 Plan the sum of $125.00 a month for five (5) years. After payment of a priority tax claim, creditors holding allowed unsecured claims will receive approximately a seven per cent (7%) dividend.

The Trustee recommended confirmation of Debtor's proposed Chapter 13 Plan. In the Trustee's opinion, Debtor proposed the plan in good faith; the plan represents Debtor's best efforts; and under the plan creditors holding allowed unsecured claims will receive more than they would in a liquidation bankruptcy.

At the hearing on confirmation The First National Bank in Sioux Falls, an unsecured creditor, hereinafter Creditor, objected to confirmation. Allegedly, Debtor obtained money from Creditor by the use of a false financial statement and by misrepresentation. Creditor argued that its debt falls within the provisions of 11 U.S.C. Section 523(a)(2) and would be nondischargeable under Chapter 7. Creditor further argued that a Chapter 13 Plan that proposes to pay Creditor a seven per cent dividend is not proposed in good faith where Creditor has a nondischargeable debt under Chapter 7.

## ISSUE

Whether a Chapter 13 Plan that proposes to pay a creditor holding an allowed unsecured claim a seven per cent dividend is proposed in good faith when the unsecured claimant has a potential nondischargeable debt under Chapter 7 of the Bankruptcy Code.

This Court is aware of the advantages filing a Chapter 13 has over a Chapter 7 where the debtor has committed acts that would be excepted from a Chapter 7 discharge. The Honorable Judge Lee, in an article on Chapter 13 under the new Code, states:

"A third important advantage available under chapter 13 is that the debtor can obtain a release from nondischargeable, unsecured debts, other than claims entitled to priority or for alimony or child maintenance, by partial payment of

claims under a composition plan. A non-dischargeable debt, such as a debt for embezzlement, for money obtained by fraud, for wilful and malicious injury to the person or property of another, for a fine or for an educational loan, can be compromised in the same manner as other unsecured debts. On payment of the amount provided in a composition plan dealing with any such claim, the debtor is entitled to receive a discharge releasing him from the balance of the claim." Lee, Chapter 13 nee Chapter XIII, 53 Am.Bank.L.J. 303 at 307 (1979).

This Court is aware that legislation is pending in Congress to close this so-called loophole. However, until that legislation is passed and signed into law, the Bankruptcy Court must apply the present law.

11 U.S.C. Section 1325(a), which sets out the requirements a Chapter 13 Plan must meet before it can be confirmed, provides in part:

(a). The court shall confirm a plan if
. . .

(3). the plan has been proposed in good faith and not by any means forbidden by law;

(4). the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
. . .

Neither of the tests set out above, or anywhere in Section 1325(a), or anywhere else in the Code, does it state that a debtor must pay a creditor holding an allowed unsecured claim a higher or a substantial dividend if that creditor has a nondischargeable debt under Chapter 7. Creditor urged this Court to rule that such a requirement is imposed by 11 U.S.C. Section 1325(a)(3).

11 U.S.C. Section 1325(a)(4) requires only that the dividend paid to allowed unsecured claimants be no less under the Chapter 13 Plan than the unsecured claimants would have been *paid*, as of the effective date of the plan, if the estate was liquidated under Chapter 7. This Bankruptcy Court emphasizes the word *paid*. The statute makes no reference to any legal right the creditor retains or what a creditor might receive from the debtor in the future by obtaining a nondischargeability judgment.

■ Here, the Trustee reported to the Court that unsecured claimants will receive more under Debtor's proposed Chapter 13 Plan than the unsecured claimants would have been paid if the estate was liquidated under Chapter 7. Creditor offered no testimony or evidence to refute this report. This Bankruptcy Court finds that Debtor's proposed Chapter 13 Plan meets the requirement imposed by 11 U.S.C. Section 1325(a)(4) as to the dividend Debtor must pay unsecured claimants.

If this Court were to adopt Creditor's argument, 11 U.S.C. Section 1325(a)(4) would set only a minimum requirement as to the dividend that must be paid to unsecured claimants. Under the Creditor's theory, 11 U.S.C. Section 1325(a)(3), which requires the plan to be proposed in good faith, allows the Court the freedom to require higher or substantial dividend payments to unsecured claimants where the unsecured claimants have potential nondischargeable debts under Chapter 7 or to refuse confirmation for lack of good faith.

The Bankruptcy Code does not define "good faith". Legislative history is silent on what the phrase "good faith", as used in Section 1325(a)(3), means. However, a split of authority in case law has developed on how the phrase should be interpreted.

Creditor urged this Court to adopt the reasoning of the Honorable Richard N. Degunther, Bankruptcy Judge for the Northern Division of Illinois, in the case of *Matter of Marlow*, 1 CBC 2d 705, 3 B.R. 305 (Bkrtcy.1980). In *Marlow* an unsecured claimant had a potential nondischargeable debt for fraud under 11 U.S.C. Section 523(a)(2). The unsecured claimant raised the argument that the debtor did not propose his plan in good faith where "the plan

was a Chapter 7 proceeding in disguise, designed to avoid the dischargeable remedies ... under Section 522(a)(2)". (At 707). The debtor's plan proposed to pay a one per cent payment to unsecured claimants and ran for a significantly shorter period of time than three years.

Judge Degunther held that a one per cent plan plus the threat of a nondischargeable debt is fatal and the plan is not proposed in good faith. In so holding, Judge Degunther remarked that:

> "The element of good faith requires the debtor, at the very least, to make meaningful payments to holders of unsecured claims. Otherwise, a Chapter 13 case may be construed as nothing more, in substance, than a Chapter 7 case, but without the disadvantages of certain provisions applicable to Chapter 7 cases. It is possible that a plan proposing a 1% payment to unsecured creditors could be found to lack good faith even without the motive to avoid a Chapter 7 nondischargeable debt."

(Id. at 708).

There is a split of authority among the Bankruptcy Judges around the country as to what dividend must be paid to unsecured claimants. The Courts have varied from requiring a 70 per cent payment to allowing a zero payment to unsecured claimants. From the language used by Judge Degunther, this Court is of the opinion that even had the creditor not raised the nondischargeable debt argument, that Judge Degunther would not have confirmed a plan that proposed to pay a one per cent dividend to the unsecured claimants.

In *In re Keckler*, 1 CBC 2d 574, 3 B.R. 155 (Bkrtcy.N.D.Ohio 1980), the Court confirmed a Chapter 13 Plan that proposed a five per cent payment to unsecured creditors who had potential nondischargeable debts. In so holding the Court stated:

> "The Court is required to confirm the Plan as filed if the six requirements of Section 1325 of the Bankruptcy Code are met."

The Court, in regard to the good faith argument, stated:

> "In 1970 Congress created the commission on the bankruptcy laws of the United States to study and recommend changes in bankruptcy laws. The commission spent two years on the study and filed a final report on July 1973.
>
> Then Congress of the United States spent over five years studying and seeking other opinions from various financial, social, manufacturing, and mercantile groups, and the general public as to how the bankruptcy laws of the United States should be reformed.
>
> Congress surely was aware that Chapter 13 would make certain persons eligible for discharge of certain debts that would be nondischargeable under Chapter 7."

(Id. at 579).

■ This Bankruptcy Court agrees that Congress was aware that a Chapter 13 debtor who successfully completed his plan would be able to discharge debts that would not otherwise have been dischargeable under Chapter 7. This Bankruptcy Court holds that the only requirement that Congress imposed as to the dividend a Chapter 13 debtor must pay unsecured claimants is found in 11 U.S.C. Section 1325(a)(4).

■ This Bankruptcy Court will not read into the "good faith" provision of 11 U.S.C. Section 1325(a)(3) the requirement that a Chapter 13 debtor must pay a higher or substantial dividend to unsecured claimants who have potential nondischargeable debts. As mentioned earlier, Congress is considering legislation to close the so-called loophole created by Section 1328(a). Congress, and not this Court, must decide whether 11 U.S.C. Section 1328(a) creates a loophole, and if so, how it should be dealt with. This Court does not believe Section 1328 creates a loophole.

■ It is this Bankruptcy Court's opinion that the "good faith" provision in Section 1325(a)(3) refers to an abuse by the debtor of the provisions, the purpose, or/and the spirit under which Congress enacted Chapter 13. Congress intended, as one of the primary differences between a

Chapter 7 and a Chapter 13 bankruptcy, that Chapter 13 debtors would submit to the jurisdiction and scrutiny of the Bankruptcy Court and Trustee for a period usually running from three to a maximum of five years, and that's asking a lot of Chapter 13 debtors! Further, Congress intended to provide Chapter 13 debtors, who are making their good faith, best effort under a three to five year plan, a fresh start and a chance for rehabilitation. It is this Court's belief that Congress intended, as part of that rehabilitation, to provide Chapter 13 debtors the added bone of being able to discharge debts that would otherwise be nondischargeable under Chapter 7. The Chapter 13 debtor, in essence, serves a five year sentence to accomplish the dischargeability which Chapter 7 does not provide.

Congress, however, did not intend the statute to operate as a liquidation proceeding with the only difference being that under a Chapter 13 the debtor can escape from debts that would not otherwise be discharged.

█ In making the determination of whether the debtor proposed a plan in good faith, the Court will examine:

(1) Whether debtors retain secured collateral;

(2) Whether any priority payments are made;

(3) The length of the plan;

(4) The total amount paid out under the plan;

(5) The dividend to unsecured claimants; and

(6) Whether the debtors are making their best effort.

These factors are not meant to be all inclusive.

█ If Debtor's proposed Chapter 13 Plan was similar to the one proposed by the debtor to the court in *Matter of Marlow*, where the plan proposed only a one per cent dividend and ran for a significantly shorter time than the three years provided for by statute, this Bankruptcy Court would also have trouble confirming the plan. Here, however, Debtor's Plan calls for payments of $125.00 for a period of five (5) years. Under Debtor's Plan a priority claimant is paid off. Unsecured claimants are paid a seven per cent (7%) dividend. According to the Trustee, Debtor's Plan represents Debtor's best effort.

This Bankruptcy Court holds that Debtor proposed his Chapter 13 Plan in good faith. Since all the requirements of 11 U.S.C. Section 1325 are met, the Plan is confirmed.

Debtor's counsel will submit an Order Confirming Plan.