**In re Roger Lloyd HILDREMYR and Lyla Elaine Hildremyr, Debtors.**

**Bankruptcy No. 480–00202.**

United States Bankruptcy Court, D. South Dakota.

Feb. 6, 1981.

James A. Craig, Dorothy, Craig, Palmer & Harris, Sioux Falls, S. D., for debtors.

Rick A. Yarnall, Dana, Golden, Moore & Rasmussen, Sioux Falls, S. D., trustee.

PEDER K. ECKER, Bankruptcy Judge.

Roger and Lyla Hildremyr filed a Chapter 13 Petition on June 30, 1980. This Court held a hearing on Confirmation of the Plan and took the matter under advisement. This Court makes the following Findings of Fact and Conclusions of Law based upon the pleadings, the briefs, and evidence presented at the hearing.

## FACTS

At the confirmation hearing the Trustee made the following report to the Court. Roger Hildremyr is a safety inspector for OSHA. His net monthly take-home pay is $1,043.74. Lyla Hildremyr is a housewife. Debtors have one child. Debtors have reasonable monthly expenses of $874.00, leaving $169.74 per month in excess of the monthly budget. Debtors propose to pay the Trustee $75.00 semi-monthly for a period of forty-eight (48) months for a total of $7,200.00. The Chapter 13 Plan provides that the Trustee is to first pay off any priority payments required by · Rule 13–309(a); including post-petition Internal Revenue Service penalty and interest. The Trustee is then to pay SIC Finance $450.00, Ford Motor Credit Corporation $4,600.00, and First National Bank $250.00. Under Debtors' Chapter 13 Plan the allowed unsecured claimants will receive a zero dividend. The allowed unsecured claimants would receive no dividend in a Chapter 7 liquidation bankruptcy.

Trustee objected to Debtors' Chapter 13 Plan on the grounds that a zero dividend to allowed unsecured claimants violates the 11 U.S.C. Section 1325(a)(3) requirement of good faith. Trustee urged the Court to require Debtors to pay at least a three per cent dividend to allowed unsecured claimants.

## ISSUE

The issue presented to the Court by Counsel is whether a Chapter 13 plan that proposes to pay allowed unsecured claimants a zero dividend violates the 11 U.S.C. Section 1325(a)(3) requirement of good faith even though debtors are submitting their

income to the Court's supervision for a period of four years in an effort to pay off priority and secured creditors.

This Bankruptcy Court has reviewed the numerous decisions concerning whether 11 U.S.C. Section 1325(a)(3) should be used to require Chapter 13 debtors to pay a higher substantial dividend to unsecured claimants. Most of the courts that have required a Chapter 13 debtor to pay a higher or substantial dividend to unsecured creditors have done so because a debtor may discharge under Chapter 13 debts that would otherwise be nondischargeable in a Chapter 7 liquidation bankruptcy. This Bankruptcy Court in its decision of *In Re Thorson* 6 B.R. 678 (Bkrtcy.D.S.D.1980) analyzed this line of reasoning and rejected it.

In *Thorson* an unsecured claimant that held a debt that was potentially nondischargeable in a Chapter 7 liquidation bankruptcy objected to the debtor's proposed Chapter 13 plan. There, the creditor argued that 11 U.S.C. Section 1325(a)(3) required a debtor to pay a higher or substantial dividend to unsecured claimants when the debtor, if successful in his Chapter 13 plan, would discharge debts that would otherwise be nondischargeable in a Chapter 7 liquidation bankruptcy. This Bankruptcy Court, noting that a Chapter 13 has advantages over a Chapter 7 where the debtor has committed acts that would be excepted from the Chapter 7 discharge, and after reviewing the legislative history behind the enactment of 11 U.S.C. Section 1325(a), concluded that 11 U.S.C. Section 1325(a)(4) establishes the dividend that a debtor must pay unsecured claimants. 11 U.S.C. Section 1325(a) provides in part that:

"(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;".

Further, this Court specifically rejected the creditor's argument that 11 U.S.C. Section 1325(a)(4) set only a minimum dividend that Chapter 13 debtors must pay unsecured claimants and that under 11 U.S.C. Section 1325(a)(3) courts could arbitrarily set a higher dividend that debtors must pay unsecured claimants.

■ The plain language of Section 1325(a)(4) contemplates that a zero dividend to unsecured claimants is possible where unsecured claimants would get nothing in Chapter 7.

■ However, this Bankruptcy Court did use Section 1325(a)(3) to closely scrutinize the Chapter 13 plan to determine that debtor was making his best effort possible since potential nondischargeability of debts did exist. Some of the factors that this Bankruptcy Court considered were the length of the plan, the amount paid under the plan, and whether debtor had any excess income after making the payments to the trustee each month.

This Bankruptcy Court is aware of the recent decision by the Eighth Circuit Court of Appeals of *In Re Terry*, 630 F.2d 634 (1980). There the Court of Appeals for the Eighth Circuit held that a plan that proposes no payments to priority, secured or unsecured claimants is in violation of 11 U.S.C. Section 1325(a)(3)'s requirement of good faith. Obviously, the case before this Court is distinguishable. Here, Debtors are proposing to make maximum budget payments for a period of four years to secured and priority claimants. A further distinction is that Debtors have listed no debts that would otherwise be nondischargeable in a Chapter 7 bankruptcy. This Court is aware of the dictum in *In Re Terry* that the Court of Appeals may not approve a zero dividend to unsecured claimants where potential nondischargeable debts do exist.

■ In accord with *Thorson*, this Bankruptcy Court will not use Section 1325(a)(3) to set an arbitrary dividend that must be paid to unsecured creditors, especially where the petition does not list any unsecured debts that would otherwise be nondischargeable in a Chapter 7. As long as the unsecured claimants are receiving the dividend required by Section 1325(a)(4), this

Bankruptcy Court will confirm the Chapter 13 plan even though the unsecured claimants receive a zero dividend. However, the debtor, in order to conform with the requirements proposed by Section 1325 and the decision of the Court of Appeals for the Eighth Circuit of *In Re Terry*, must make payments under the plan to at least secured and priority claimants.

This Court is of the opinion that had Congress intended 11 U.S.C. Section 1325(a)(3) to be used to establish a higher dividend, that the test set out by Section 1325(a)(4) would not have been included. Certainly, Section 1325(a)(4)'s test is consistent with the legislative purpose behind Chapter 13, which is to give debtors a reasonable chance for rehabilitation. In order to permit Chapter 13 debtors an opportunity, Congress intended that debtors, who are willing to submit themselves to a three-to-five-year plan, are only required to pay unsecured claimants at least what the unsecured claimants would receive in a Chapter 7 liquidation bankruptcy. It is not Congress's intent to impose a heavier burden upon those who choose to file a Chapter 13 than those who choose to file a Chapter 7 and simply seek reaffirmation of secured debts.

This Bankruptcy Court holds that a debtor who has submitted himself to the jurisdiction of this Bankruptcy Court for a period of four years in order to pay priority and secured claimants, and is in the opinion of this Court making his best effort, does not violate the requirement of 11 U.S.C. Section 1325(a)(3) that a plan be proposed in good faith when that debtor proposes to pay a zero dividend to unsecured claimants.

### CONCLUSION

Debtors' Chapter 13 Plan is confirmed. Debtors' Counsel shall submit an Order Confirming Plan consistent with the foregoing. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law.