In re William H. BLOSSFELD and Mary A. Blossfeld, Debtors.

Bankruptcy No. 80 B 18192.

United States Bankruptcy Court, N. D. Illinois, E. D.

June 23, 1981.

Geoffrey G. Gilbert, Elias N. Matsakis, and John Pollick of McBride & Baker, Chicago, Ill., for debtor.

J. Robert Stoll of Mayer, Brown & Platt, Chicago, Ill., for Edgcomb Metals Co., for creditor.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Motion of Edgcomb Metals Company, Creditor of the above-named Debtors, regarding its claim in relationship to the confirmation of the Debtors' proposed chapter 13 Amended Plan, and the parties appearing by their respective attorneys, and

The Court having examined the Motion filed in this matter and having received and examined the Memoranda of Law submitted by the parties in support of their respective positions, and having heard the arguments of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. On or about December 31, 1980, William Blossfeld and Mary Blossfeld, filed a voluntary joint petition for relief under chapter 13 of the Bankruptcy Code.

2. Edgcomb Metals Company (hereinafter referred to as "EDGCOMB") has been listed by the Debtors as one of their unsecured creditors and Edgcomb filed a Proof of Claim herein as a general unsecured creditor. The Debtors filed an Objection to Edgcomb's Proof of Claim. Subsequent thereto, Edgcomb filed an Amended Proof of Claim as a general unsecured creditor in the amount of $630,143.48, plus an unstated amount for punitive damages.

3. On or about April 7, 1981, the Debtors filed a proposed chapter 13 Amended Plan.

The Court Concludes and Further Finds:

1. The Debtors' proposed chapter 13 Amended Plan provides for payments of $28,566.84 to creditors over a 36 month peri-

od. The Amended Plan provides for payments to unsecured creditors on a pro rata basis. In order to make a distribution to unsecured creditors on a pro rata basis, the allowed amount of their claims must be fixed. This Court has previously ruled that Edgcomb's claim is unliquidated and/or contingent. It is the subject matter of a lawsuit before the Honorable Abraham L. Marovitz in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Edgcomb Metals Company v. Cylinder Hardware, Inc.* Said proceeding has been stayed by virtue of the Debtors filing a voluntary petition in bankruptcy. Edgcomb has motioned this Court to estimate the amount of their claim pursuant to section 502(c) of the Bankruptcy Code,[1] prior to a hearing on confirmation of the Amended Plan. For the aforesaid reasons, this Court finds that it is necessary to estimate Edgcomb's claim prior to confirmation of the Amended Plan. Edgcomb's Motion in this regard is therefore granted.

2. At the time of said estimation, Edgcomb further motions this Court to determine whether or not Edgcomb's claim would be dischargeable in a proceeding brought under chapter 7 of the Bankruptcy Code.

3. Edgcomb's claim is dischargeable in a chapter 13 case pursuant to 11 U.S.C. § 1328(a) which provides: "As soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge of all debts provided for by the plan ...."

4. Edgcomb contends that its claim would be non-dischargeable in a proceeding brought under chapter 7 of the Bankruptcy Code. They further contend that the dischargeability of its claim in a chapter 7 is relevant to the chapter 13 confirmation determination.

5. Section 1325 of the Bankruptcy Code sets out six criteria which must be met before a plan can be confirmed by the bankruptcy court. Section 1325(a)(3) requires that the plan be proposed in "good faith." Section 1325(a)(4) further provides that:

the value as of the effective date of the plan of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date . . . .

11 U.S.C. § 1325(a)(4) (1979).

6. It is Edgcomb's position that non-dischargeability of a claim in a chapter 7 proceeding is a relevant factor for the Court to consider in determining whether or not a chapter 13 plan satisfies the requirements of sections 1325(a)(3) and 1325(a)(4) for confirmation of a plan.

7. The dischargeability of Edgcomb's claim in a chapter 7 proceeding is not relevant to the Court's determination as to whether or not Debtors' proposed chapter 13 Amended Plan satisfies the section 1325(a)(4) requirement for confirmation of a chapter 13 plan. If the Debtors' estate were liquidated under chapter 7, and assuming Edgcomb's claim would be non-dischargeable, Edgcomb after the receipt of its liquidating dividend would retain the unpaid balance of its claim against the Debtors. However, at the time of liquidation, no more would be paid on their claim than would be paid on dischargeable claims. Therefore, the issue of dischargeability of Edgcomb's claim in a chapter 7 is not relevant in determining whether or not Debtors' chapter 13 Amended Plan provides for payment of not less than what would be paid on the claim if the Debtors' estate were liquidated in a chapter 7. *In re Jenkins*, 4 B.R. 278, 280 (Bkrtcy.D.Colo.1980); *In re Thorson*, 6 B.R. 678, 681 (Bkrtcy.D.S. D.1980).

---

1. Section 502(c) of the Bankruptcy Code provides that:

There shall be estimated for purposes of allowance under this section—

(1) any contingent or unliquidated claims fixing or liquidation of which, as the case may be would unduly delay the closing of the case ....

11 U.S.C. § 502(c) (1979).

It is Edgcomb's position that section 1325(a)(4) contemplates that the Court require Debtors to pay under their plan not less than what would eventually be paid on their claim if Debtors were to file a chapter 7 and such claim were not discharged. In their Memoranda of Law, Edgcomb cites *In re Rimgale*, No. 80–4862 (D.Ill. Feb. 20, 1981), in support of this position. This Court, however, does not adhere to the interpretation of section 1325(a)(4) espoused in *In re Rimgale*.

To adopt the application of section 1325(a)(4) as proposed by Edgcomb would require the Court to speculate as to the total amount Edgcomb would eventually recover on its claim in the hypothetical chapter 7 and subsequent thereto through post bankruptcy collections and supplemental proceedings. Such speculation is not warranted. This is especially so since the language of section 1325(a)(4) as written requires that the amount paid on a claim under the plan be "not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 . . . ." It does not say that the amount paid on a claim under a plan be not less than the amount that would *eventually* be paid and/or collected on such claim. If Congress had intended the application of section 1325(a)(4) proposed by Edgcomb, and had intended that bankruptcy courts indulge in the speculation requested by Edgcomb, Congress could have expressly stated so.

■ 8. The dischargeability of Edgcomb's claim in a chapter 7 proceeding is not relevant to the Court's determination as to whether or not Debtors' proposed chapter 13 Amended Plan satisfies the section 1325(a)(3) requirement for confirmation of a chapter 13 plan. Edgcomb maintains that the "good faith" requirement of section 1325(a)(3) requires that the plan provides for "meaningful and substantial" payments to unsecured creditors. Edgcomb argues that an amount payable under a plan may or may not be a "meaningful and substantial" payment depending on whether or not Edgcomb's claim would be dischargeable in a chapter 7 proceeding. Edgcomb also maintains that Debtors filed this chapter 13 case for the sole purpose of seeking to discharge Edgcomb's claim. Edgcomb feels that in exchange for the broader discharge offered by chapter 13, a debtor must in his chapter 13 plan offer more to those creditors whose claims would be non-dischargeable under chapter 7, than would otherwise be necessary. If the plan does not so provide, Edgcomb states that this "demonstrates the absence of good faith of the Debtor in invoking the provisions of chapter 13."

■ The section 1325(a)(3) requirement that a plan be proposed in "good faith" does not require that a plan provide for "meaningful and substantial" payments. "Good faith" means that the plan a debtor proposes is one that the debtor is seemingly capable of complying with. It means the debtor is proposing a plan because he intends to follow through with the plan. "Good faith" does not go to the percentage offered to be paid on unsecured claims under the plan. *In re Cloutier*, 3 B.R. 584 (D.Colo.1980). It is section 1325(a)(4) that sets the required amount to be paid to unsecured creditors under a chapter 13 plan and the standard enunciated there is not that of "meaningful and substantial." The section 1325(a)(4) standard relates to the value that would be received under a chapter 7 liquidation.

Though non-dischargeability of a claim in a chapter 7 case may be relevant in determining whether or not payments on such claim are "meaningful and substantial," there is no such requirement of "meaningful and substantial" payments under the Code. Therefore, dischargeability of a claim in a chapter 7 case *cannot* be relevant in a chapter 13 for purposes of determining whether the proposed payments are "meaningful and substantial."

■ As to Edgcomb's contention that as a result of obtaining the benefits of chapter 13's liberal discharge provision, the "good faith" requirement requires that a chapter 13 plan provides a greater percentage payment to claims that would be non-dischargeable in a chapter 7 proceeding

**538**

than to claims that would be dischargeable in a chapter 7, this Court does not agree. *In re Thorson, supra.* It is not a violation of the "good faith" requirement to do what the statute entitles you to do or to do what Congress had intended to allow. *In re Seely,* 6 B.R. 309, 313 (Bkrtcy.E.D.Va.1980); *In re McBride,* 4 B.R. 389, 392 (Bkrtcy.M.D.Ala.1980). Section 1328 expressly and clearly provides that upon completion of payments under a chapter 13 plan, a debtor will be discharged of debts that would not be discharged under a chapter 7. To say that Debtors are violating the "good faith" requirement of section 1325(a)(3) because they choose to take advantage of this provision is unreasonable and contrary to the principles of statutory construction.

Furthermore, section 1322 which regulates the contents of chapter 13 plans and section 1325 which sets out the requirements for confirmation of chapter 13 plans do not provide for any special treatment of claims which would be non-dischargeable in a chapter 7 proceeding. In fact, neither section 1322 nor section 1325 nor any other section of chapter 13 even refers to the dischargeability of claims in a chapter 7 proceeding.[2] In light of the above, this Court declines to read into section 1325(a)(3) a requirement to pay more on claims that would be non-dischargeable in a chapter 7 proceeding.

9. Section 1325(a)(3) and section 1325(a)(4) must be read in context. They must be read in conjunction with the other provisions of the Bankruptcy Code, and in particular, the provisions of chapter 13 of the Bankruptcy Code. In a chapter 7 case, a proceeding to determine dischargeability of a claim is an appropriate procedure. Such a proceeding is specifically contemplated by the Code by virtue of the fact that section 523 states that certain claims are not dischargeable in a chapter 7 and defines what types of claims these are. On the other hand, chapter 13 does not any-

where indicate that dischargeability proceedings are intended other than in regards to alimony and child support debts and in section 1328(b), the hardship discharge. In fact, section 1328 expressly provides for discharge of debts that would be dischargeable in a chapter 7 proceeding. In light of this express provision in section 1328 indicating that dischargeability proceedings are irrelevant in chapter 13 cases, it would be an abuse of the judicial function to find that such proceedings are necessary in chapter 13 by reading words into the language of section 1325(a)(3) and 1325(a)(4). *In re Jenkins, supra; In re Seely, supra.*

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion of Edgcomb Metals Company for estimation of their claim pursuant to section 502(c) of the Bankruptcy Code be, and the same is hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion of Edgcomb Metals Company for a determination of the dischargeability of their claim in a chapter 7 proceeding be, and the same is hereby denied.

IT IS FURTHER ORDERED that the hearing on Debtor's Objection to the Proof of Claim of Edgcomb Metals Company be, and the same is hereby set for Aug. 4th, at the hour of 2 o'clock P.M. in Courtroom 1670, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois.

IT IS FURTHER ORDERED that the hearing on the estimation of Edgcomb Metals Company's claim be, and the same is hereby set for hearing for Aug. 11th, at the hour of 2 o'clock P.M. in Courtroom 1670, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois.

IT IS FURTHER ORDERED that the hearing on confirmation of the Debtors' proposed Amended Plan be, and the same is hereby set for hearing for Aug. 17th, at the

---

2. There is one exception to the statement that chapter 13 does not refer to the dischargeability of claims in a chapter 7 proceeding. That exception is found in § 1328 which provides that the Court shall grant the debtor a dis-

charge of all debts, except any debt "of the kind specified in section 523(a)(5) of this title." Section 523(a)(5) regards alimony and child support debts which are not dischargeable in a chapter 7 case.