Segarra Olivero, Juez Ponente
*1115 TEXTO COMPLETO DE LA SENTENCIA
El 9 de junio de 1993 los querellantes-peticionarios radicaron una querella por despido injustificado contra su antiguo patrono, la aquí recurrida VCS National Packing, al amparo de la Ley Número 80 del 30 de mayo de 1976, 29 L.P.R.A. see. 185 et seq. VCS operaba en aquel momento una enlatadora de atún localizada en el municipio de Ponce.
El 5 de noviembre de 1993 la querellada fue emplazada a través de su agente residente. Cinco días más tarde, VCS radicó una Moción Informativa en la que notificaba que había presentado ante el Tribunal de Quiebras de los Estados Unidos para el Distrito Sur una petición de quiebra bajo el artículo 11 del Código de Quiebras Federal, y que como consecuencia de ello todo procedimiento contra la compañía querellada quedaba automáticamente paralizado. Mediante sentencia notificada el 26 de noviembre de 1993, el Tribunal Superior ordenó la paralización del caso, desestimando el mismo "para fines estadísticos...sin perjuicio de reapertura hasta que la Corte de Quiebras resuelva lo que en derecho proceda".
A petición de la compañía querellada, la Corte de Quiebras para el Distrito de California decretó el levantamiento de la paralización de los procedimientos para permitir la litigación del caso de epígrafe y de otras reclamaciones similares. El 27 de enero de 1994 la compañía querellada presentó ante el Tribunal Superior una Notificación de Traslado al Tribunal de Distrito Federal. En el foro federal se resolvió que no existía diversidad de ciudadanía entre las partes, por lo que el caso fue devuelto al Tribunal Superior. VCS intentó ventilar las querellas ante la Corte de Quiebras para el Distrito de Puerto Rico, pero allí tampoco obtuvo acceso, esta vez por no constituir las reclamaciones un "core proceeding".
Devuelto el caso al foro local, la parte querellante solicitó que se le anotara la rebeldía a VCS, ya que la compañía no había comparecido en contestación a la demanda. La querellada alegó entonces que no existía jurisdicción sobre su persona, debido a que el emplazamiento del 5 de noviembre de 1993 se había efectuado mientras estaba vigente aun la paralización automática consecuencia del procedimiento de quiebras. Esto, adujeron, convertía en nulo y sin efecto el diligenciamiento del emplazamiento, privando al Tribunal de jurisdicción sobre la compañía querellada. Replicaron los querellantes que VCS se había sometido a la jurisdicción al solicitar el traslado del caso al foro federal y al radicar posteriormente varias mociones ante el Tribunal de Primera Instancia, Sala de Ponce.
El Tribunal de Primera Instancia declaró no ha lugar la solicitud de anotación de rebeldía. Igual suerte corrió la moción de reconsideración presentada luego por los querellantes, quienes radicaron entonces el recurso de epígrafe. La parte querellada ha comparecido a través de Moción de Oposición a Solicitud de Certiorari. Examinados los escritos de ambas partes, resolvemos.
I
La sección 362 del Código de Quiebras Federal, 11 U.S.C. see. 362 (a) (1) dispone:

*1116
"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title or an application filed under section 5 (a) (3) of the Securities Investor Protection Act of1970 (15 U.S.C. eee(a) (3)) operates as stay, applicable to all entities of-

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

La sección transcrita establece expresamente que una vez radicada la petición de quiebra, todo procedimiento judicial contra el deudor, incluyendo el diligenciamiento de emplazamientos, queda automáticamente paralizado. Para que la paralización entre en vigor, no es necesario efectuar notificación alguna a las parte interesadas. In re: Rose, 13 B. R. 534, 537 (W. D. Mo. 1990). La norma general es que cualquier procedimiento realizado en violación a la paralización será considerado nulo y sin ningún efecto legal. El posterior levantamiento de la paralización no valida los actos realizados mientras aquella estuvo vigente. Ver In re: Randall Enterprises, 115 B. R. 292, 295 (Bkrtcy. D. Colo. 1990); In re: Corporación de Servicios Médicos de Fajardo, 60 B. R. 920, 933 (D. Puerto Rico 1986), affirmed 805 F. 2d 440; In re: Advent Corp., Bkrtcy App., 24 B. R. 612, 614 (1982); In re: Willie Lee Scott, 24 B. R. 738 (1980). A la luz de los principios enunciados es forzoso concluir que el diligenciamiento del emplazamiento a la querellada VCS no tuvo efecto legal alguno y la compañía no ha sido adecuadamente notificada del procedimiento en su contra.
La parte querellante alega, en la alternativa, que debe entenderse que la querellada se sometió voluntariamente a la jurisdicción del Tribunal de Primera Instancia al solicitar el traslado del pleito al tribunal federal de distrito, cuando el mismo estaba pendiente ante la Corte de Quiebras de California. Señala, además, que VCS radicó luego ante el Tribunal de Primera Instancia, Sala de Ponce, una moción solicitando la consolidación del caso y conferencia sobre el estado de los procedimientos y, posteriormente, una moción reiterando esta petición. La presentación de estos escritos, sostienen los querellantes, equivale a una sumisión a la jurisdicción del tribunal. No le asiste la razón a la parte querellante.
II
En primer lugar, hay que apuntar que las manifestaciones de un litigante ante un tribunal federal no pueden considerarse, de ninguna manera, como indicativas de su intención de someterse a la jurisdicción de un tribunal estatal. En todo caso, como señala en su escrito la querellada, se ha resuelto que la presentación de una petición de traslado antes de ser notificada oficialmente no constituye una aceptación tácita del emplazamiento, que impida de esa manera que la parte demandada ataque la validez del diligenciamiento del emplazamiento en la corte federal tras el traslado. Ver Kerr v. Holland-America, 794 F. Supp. 207, 213 (E. D. Mich. 1992), citando con aprobación & Kirby v. O.M.I. Corp., 655 F. Supp. 221-222 (M. D. Fia. 1987). La jurisdicción adquirida por los tribunales federales a través del procedimiento de traslado es una derivativa: si el tribunal estatal (en este caso el de Puerto Rico) carece de jurisdicción, el foro federal no puede adquirirla. De Rewal v. United States, 512 F. Supp. 1124, (1983). A las peticiones de traslado de la querellada no puede atribuírsele el alcance de que prestaba su consentimiento a que el caso se viera en sus méritos ante el tribunal federal, y mucho menos constituyen una sumisión a la jurisdicción de los tribunales de Puerto Rico.
III
De igual manera nos luce incorrecta la pretensión de que las mociones radicadas ante el Tribunal de Primera Instancia sean consideradas como una sumisión tácita de la querellada. Si bien es cierto que la comparecencia voluntaria de un demandado, ya iniciada la acción, suple la omisión del emplazamiento al colocarse la parte al alcance del tribunal, Franco v. Corte, 71 D.P.R. 686, 688 (1950), esta comparecencia debe ser de tal naturaleza que constituya una alegación sobre los hechos y méritos de la demanda. Domínguez Rivera v. Tribunal Superior, 103 D.P.R. 117, (1974). Para que pueda considerarse que el demandado se ha sometido a la jurisdicción del tribunal, este demandado debe realizar algún acto que le constituya en una parte del pleito. Claudio v. Casillas Mojica, 100 D.P.R. 761, 773 (1972).
En el caso de autos, la querellada no ha expuesto argumentación alguna sobre la reclamación en su *1117 contra. Constan en el expediente ante nuestra consideración ocho escritos radicados por la querellada ante el Tribunal de Primera Instancia. En tres de ellos (Oposición a Moción de Reconsideración, Duplica a Réplica en Oposición a Moción de Anotación de Rebeldía y Oposición a Moción de Anotación de Rebeldía y Señalamiento) se expresa claramente que la parte querellada no se somete a la jurisdicción del tribunal.
En la Moción Informativa, fechada 10 de noviembre de 1993, y en la que se notifica al tribunal de la radicación de la petición de quiebra y, por lo tanto de la paralización de los procedimientos, no se incluye la frase "sin someterse a la Jurisdicción". Entendemos que la inclusión de dicha frase no era necesaria y hasta resultaría superflua, toda vez que la consecuencia automática de la radicación de la petición de quiebras, como se ha dicho, es la paralización de todo procedimiento; aun si la parte hubiera comparecido contestando la querella, tal actuación podría carecer de eficacia jurídica, si se realiza en violación a la paralización automática dispuesta por ley y sin la autorización del tribunal de quiebras.
La Notificación de Traslado al Tribunal de Distrito Federal, como señaláramos, no es un indicio de la sumisión de la parte querellada. Respecto a la Moción Informativa y Solicitando Tiempo Adicional, la Moción Informativa y Reiterando Solicitud de Conferencia sobre el Estado de los Procedimientos, y la Moción Solicitando Conferencia sobre el Estado de los Procedimientos y de Consolidación, es necesario aclarar en principio que se radican de manera conjunta con los casos CS 90-2162 y CS90-2971, por lo que todo lo allí expresado no se refiere necesariamente al caso de epígrafe (JAC 93-0282). De hecho, en la Moción Solicitando Conferencia sobre el Estado de los Procedimientos, se aclara que "estando ya en quiebra la parte querellada, se emplazó a la misma en otro caso de número JAC 93-0282..." Los otros dos escritos se radicaron cuando el expediente del caso aun no había sido remitido al Tribunal de Primera Instancia por el Tribunal de Quiebras. En ninguna de estas comparecencias la querellada expone sus alegaciones o defensas sobre los méritos o el contenido de la querella. No constituyen, por lo tanto, el tipo de comparecencia que pueda parangonarse a una sumisión voluntaria que tenga el efecto práctico de validar el emplazamiento.
IV
Concluido que la querellada VCS National Packing no ha sido debidamente notificada de la reclamación instada en su contra por los aquí recurrentes y que tampoco se ha sometido a la jurisdicción del Tribunal de Primera Instancia, procede devolver el caso al referido tribunal, para que se expidan nuevos emplazamientos, los cuales deben ser diligenciados en el término provisto para ello en la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sees. 3118, 3120. 
Por los fundamentos expuestos, se deniega el auto solicitado, se confirma la sentencia recurrida y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Ponce, para la continuación de los procedimientos, en armonía con lo aquí resuelto.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 286
1. En el párrafo 2 de la querella, la parte querellante se acoge expresamente al procedimiento sumario de la Ley Núm. 2 del 17 de octubre de 1976, 32 L.P.R.A. see. 3118 y siguientes. Sin embargo, la parte querellante presentó al Tribunal, para su expedición, un emplazamiento de los que se utilizan en los procedimientos civiles ordinarios, bajo las Reglas de Procedimiento Civil. En el emplazamiento expedido el 10 de julio de 1993 se concede a la parte querellada un término de veinte (20) días para contestar la querella en lugar del término de diez (10) días provisto en 32 L.P.R.A. see. 3120.
2. Se ha reconocido que "an exception may exist in rare cases on equitable grounds". Ver In re: Mallar Ponder Partners, 113 B. R. 420, 422 (Bkrtcy W. D. Tenn. 1990).
*1118 Ante la disyuntiva de si un acto realizado durante la paralización debe ser considerado nulo o simplemente anulable, se ha resuelto que no es necesario tomar una decisión al respecto, cuando la acción impugnada es una que amenaza claramente la protección que la Ley de Quiebras intenta conceder al deudor y debe, bajo cualquiera de las premisas, ser dejada sin efecto. In re: Victoria Grain, 45 B. R. 2,7 (Bkrtcy. 1986).
Por otra parte, en In re: Rose, supra, se sugirió que aun un acuerdo entre las partes respecto a la aplicación de la paralización automática tendría que contar con la autorización del tribunal para ser válido. Así, un acuerdo entre las partes para que el deudor no levante como defensa lo dispuesto en la sección 362 no impide que el tribunal declare nulos los procedimientos efectuados durante la vigencia de la paralización.
3. La parte querellada sugiere, en su Moción en Oposición a Solicitud de Certiorari, págs. 6-7, que la querellante tendría que entablar una nueva acción, citando lo resuelto en De la Matta v. Carreras, 92 D.P.R. 85 (1965). El caso citado se refiere, sin embargo, a la continuación de un pleito tras un desistimiento sin perjuicio, no tras una desestimación sin perjuicio.