In re John Adger JENKINS, Debtor.

Bankruptcy No. 80 B 00476 M.

United States Bankruptcy Court, D. Colorado.

May 15, 1980.

Edward I. Cohen, Denver, Colo., for debtor.

L. James Arthur, Denver, Colo., for Gateway Federal Emp. Credit Union.

## MEMORANDUM OPINION

JOHN P. MOORE, Bankruptcy Judge.

THIS MATTER arises upon the confirmation of Debtor's Chapter 13 plan. An objection to confirmation has been raised by Gateway Federal Employees Credit Union (Gateway), a creditor holding an unsecured claim. Gateway asserts that its debt is one which would be excepted from discharge by 11 U.S.C. 523(a)(2)(B) if the Debtor's estate were liquidated under Chapter 7 of the Bankruptcy Code. It is argued that the Debtor's plan calling for the payment of only one dollar on Gateway's claim would not pay Gateway what it would receive under Chapter 7, and thus the plan is not confirmable pursuant to 11 U.S.C. 1325(a)(4). As a condition precedent to confirmation, § 1325(a)(4) mandates that the value of property distributed under the plan to holders of unsecured claims be "not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 \* \* \* ."

At the outset, it must be recognized that we are faced only with the creditor's bald assertion that its debt would not be dischargeable. There has not been any judicial determination of this issue; therefore, the contention of nondischargeability can only be described as problematical.

Gateway recognizes the problem created by its contention; therefore, it suggests, that Court should hold a hearing to determine the dischargeability of its debt prior to confirmation of the Debtor's plan. That suggestion is far from satisfactory, however. Despite the fact that there is nothing

in the context of Chapter 13 which supports that notion, the concept is one which would lead to immediate and dire constipation of the Court's chapter 13 proceedings. As determined in *In re Marlow*, 3 B.R. 305, 6 Bky.Ct.Dec. 77 (N.D.Ill., 1980), such a procedure simply cannot be allowed. Such being the case, ·is there any basis for Gateway's original premise?

As most courts which have come to grips with this or similar issues have discovered, chapter 13 tends to foster a great concern over the evil that can be worked by the unscrupulous debtor. Indeed, much judicial hand wringing has occurred over the potentially inequitable result that would occur if, as in this case, a chapter 13 debtor could pay a creditor a nominal sum and discharge an obligation that would be excepted from discharge in chapter 7. Despite the fact that such a result is clearly within the express language of the statute[1], many otherwise rational jurists have searched for and found ways to avoid such a result in a quest for a more equitable treatment of creditors. While one readily understands the concern of those who decry the apparent disparity in the treatment of creditors which can result in chapter 13, one should also be mindful of the judicial function.

While a court may have latitude to construe ambiguous legislation[2], and while that latitude may encompass the ability to effectuate the intention of a legislative body, I do not believe such authority grants a court the power to alter the clear language of a statute in the name of interpretation or enlightenment. While a court may construe a statute in order to avoid absurd or wholly impractical consequences[3], I believe it a wholly different matter to

---

1. 11 U.S.C. 1328 states that after completion of the Chapter 13 plan, the debtor shall be granted a discharge of all debts provided for by the plan or disallowed by the Court except for:
   a) debts on which the last contract payment becomes due after final payment under the plan;
   b) alimony, maintenance, and support.
   Nothing contained in this section suggests that any other debt would be excepted from the Chapter 13 discharge.

2. But where the meaning of statutes is plain and unambiguous construing a statute is impermissible. *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978).

3. *U. S. v. Missouri Pac. R. Co.*, 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322 (1929).

substitute the judgment of a judge for that of Congress on the question of whether the *treatment* of creditors in Chapter 13 is absurd. Construing an otherwise clear statute so that a judge's standards are applied instead of those enacted by Congress is not interpretation. Nor is it a determination that literal interpretation of the statute leads to an absurd conclusion. Rather, it is a determination that the *law* as written is absurd. The treatment of creditors is a matter of legislative policy and not a subject for judicial concern.[4] The judicial role is to insure that scheme adopted by Congress is applied in a manner that will not offend the Constitution.

To me, a court which adds provisions to an enacted law in order to correct what the court perceives as a legislative error or oversight functions not as a judicial tribunal but as a single member legislature. In my view, that court mightily abuses the doctrine of separation of powers which has been such an enduring genius of our Constitution. I, for one, cannot follow the lead of those who have substituted their belief of what the law *should* be for an interpretation of what the law *is*.[5] While those who do so have nothing but the highest desire to do justice, and while their efforts may prophesy future legislative enactments, those efforts are, in my opinion, a misguided application of judicial power.

To me, the course is clear. Congress has stated that if a debtor pays an unsecured creditor as much as that creditor would receive through a chapter 7 liquidation, the debtor obtains a discharge freeing him of debts that would otherwise be excepted from relief. Whether that law is wise, desirable, or equitable should be, and is, of no concern to me in the performance of my duty to apply the law to the facts of the cases before me. Therefore, I will make no search for a way to avoid this law since its content and application are quite clear.

Accordingly, I cannot subscribe to the creditor's theory concerning § 1325(a)(4). Gateway postulates that when the statute says that an unsecured creditor must receive "not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 * * * ", it does not necessarily mean that the claim must be paid from the debtor's estate. Gateway says that if its debt were excepted from a chapter 7 discharge, the debtor would have to pay Gateway's claim in full; therefore, a chapter 13 plan which pays Gateway less than 100 percent of its debt does not comply with § 1325(a)(4). That postulation is disingenuous, and it results not from a literal reading of the plain language of the statute, but from a preconceived notion that the law does not mean what it says.

The only way a "claim" can be "paid" in chapter 7 is by distribution of the property of the estate pursuant to 11 U.S.C. 726. Since § 726 speaks so clearly in terms of the "payment of claims", how can it be doubted that when Congress uses the term "paid on such claim" in § 1325(a)(4) it could mean something other than payment from the property of an estate? I find the contrary inconceivable.[6]

Accordingly, I would conclude that when a chapter 13 debtor establishes that his plan will pay an unsecured creditor as much as that creditor would receive from his estate if it were liquidated under chapter 7, he has satisfied his burden under § 1325(a)(4). The fact that an affected creditor holds a debt which *may* be except-

---

4. *Cf. Tennessee Valley Authority v. Hill, supra.*

5. In *62 Cases, More or Less, etc. v. U. S.*, 340 U.S. 593, 596, 71 S.Ct. 515, 518, 95 L.Ed. 566 (1952), the court stated: "After all, Congress expresses its purpose by words. It is for us to ascertain—neither to add nor subtract, neither to delete nor to distort".

6. See House Rep.No. 95–595 (1977) p. 430, U.S. Code Cong. & Admin.News 1978, pp. 5787,

6385: "The plan must meet the best interest of creditors test with respect to unsecured claims—the value, as of the effective date of the plan, of property to be distributed under the plan on account of each unsecured claim must be not less than the amount that would have been *paid on that claim* if the estate of the debtor were liquidated under chapter 7 * * ." (emphasis added)

ed from discharge is neither consequential to the outcome of the case nor a bar to confirmation.

Were it otherwise, and were we to follow the course advocated by Gateway, we would engraft upon 11 U.S.C. 1328 (the chapter 13 discharge provision) an exception not passed by Congress. When reduced to its lowest common denominator, the position advocated by Gateway would really result in the exception from a chapter 13 discharge the same debts excepted from discharge in chapter 7. If that had been the intent of Congress, it would have had no difficulty in saying so. Since a contrary intent was clearly manifest, it is not within my judicial power to work a statutory change, and I accordingly refuse the invitation to do so. Confirmation of the debtor's plan shall be ordered.