**In re Sherwood Alexander ELKIND and Diane Lee Elkind, a/k/a Diane Lee Bruno, d/b/a Lee Alexander & Associates, d/b/a Denver Services, d/b/a Colorado Services, Debtors.**

**Bankruptcy No. 81 B 00738 M.**

United States Bankruptcy Court, D. Colorado.

June 4, 1981.

Stephen J. Timm, Aurora, Colo., for debtors.

Hanna M. Warren, Englewood, Colo., for Donnelly Supply Co.

## MEMORANDUM OPINION

JOHN P. MOORE, Bankruptcy Judge.

THIS MATTER arises upon confirmation of the Debtors' Chapter 13 plan. Objections to confirmation have been filed by a judgment creditor, Donnelly Supply Company (Donnelly) whose unsecured claim of $7,215.57 will be satisfied by payment of one dollar if the plan is confirmed. There are several objections to confirmation, but only one is significant.

It is alleged that the plan does not comply with 11 U.S.C. § 1325(a)(4) because it does not provide creditors holding unsecured claims what they would receive if the Debtors' estate were liquidated under Chapter 7 of the Code. This allegation is grounded upon the assertion that the Debtors made a preferential transfer which could be set aside by a liquidating trustee, thus enhancing the distribution available to holders of unsecured claims.

The transaction to which Donnelly's allegation applies is the granting of a Deed of Trust to the mother of Mr. Elkind. This instrument securing a debt created when the elder Mrs. Elkind (Marjorie) loaned the Debtors $27,000.00 to facilitate the purchase of their home.

According to Mr. Elkind, the Debtors executed the Deed of Trust when the loan was made on December 15, 1977, but they did not record it at that time. Indeed, the Debtors waited until March 21, 1980 to accomplish the recording.[1]

The picture is further complicated because Mr. Elkind conveyed the home to his wife (Diane) by Quit Claim Deed on September 20, 1979. Thus, when the subject transfer occurred, Mr. Elkind had no record interest in the property, and no change in that status has taken place.

Thus, the issue is whether the recording of the Deed of Trust to Marjorie constitutes a voidable preference. The elements of a preferential transfer are outlined in 11 U.S.C. § 547(b). Applied to this case, those elements are:

---

1. The deed, Creditor's Ex. 2, does not bear a legible date; however, Creditor's Ex. 3 recorded on the previous page of the same book as Ex. 2 was recorded on May 21, 1980. That date appears to coincide with the legible portion of the date on Ex. 2.

1) a transfer of;

2) property of the debtor;

3) to or for the benefit of a creditor;

4) for or on account of an antecedent debt;

5) made while the debtor was insolvent, (and because the elder Mrs. Elkind is an "insider"[2],)

6) between 90 days and one year before the date of the voluntary bankruptcy petition;

7) when the transferee creditor had reasonable cause to know the debtors were insolvent at the time of the transfer;

8) and which enables the creditor to receive more on her debt than she would receive under Chapter 7 if the transfer had not been made.

Most of these elements have been established by Donnelly. It is evident that the recording of the deed of trust was a transfer, (11 U.S.C. § 101(40)). There is no doubt that at the time of the transfer the property providing the security interest transferred was property belonging to the debtor, Diane, and there is no doubt that the purpose of the transfer was to benefit the creditor, Marjorie. Furthermore, it is evident that the transfer secured an antecedent debt. Moreover, the transfer, which occurred on the date the deed of trust was recorded and not on the date it was executed, was within one year of the date of filing.[3]

It is also evident that because of this transfer Marjorie will be able to recover her entire debt under the Chapter 13 plan or in liquidation if the transfer is not set aside. The property securing her debt is worth at least $85,000.00, and it is presently encumbered by a tax lien of $2,700.00 and two senior deeds of trust in the present principal amount of $51,000.00. Thus, it is clear that the debt of the elder Mrs. Elkind is now fully secured. If the transfer had not occurred, Mrs. Elkind's debt would be included in the class of unsecured debt presently scheduled at $30,901.30 resulting in unsecured claims totalling in excess of $57,-000.00 that would share in liquidation assets of less than $30,000.00.[4]

Thus, the only elements of a preferential transfer in doubt are the Debtors' degree of solvency at the time of the transfer and the extent of the elder Mrs. Elkind's knowledge of this solvency. Although the record is not silent on these elements, the Debtors claim the creditor Donnelly has failed to prove they exist, but is that fatal to the objection? I think not.

For the answer to this question one must turn to 11 U.S.C. § 1325 which contains the six requirements for the confirmation of the plan. One of these requirements is that the plan provide unsecured creditors not less than they would receive on liquidation.[5] Here we have a creditor holding an unsecured claim arguing it would receive more on liquidation because a liquidating trustee could avoid a preferential transfer which would bring into the estate a valuable asset. The question becomes one of who has the burden of the evidence at this juncture. Must the creditor prove that the transfer is

---

**2.** 11 U.S.C. § 101(25)(A)(i).

**3.** 11 U.S.C. § 547(e)(1)(A) states:

[A] transfer of real property * * * is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee * * *.

Until March 21, 1980, a bona fide purchaser of the home could have cut off the interests of the elder Mrs. Elkind, but after that date, when the Deed of Trust was recorded, a subsequent purchaser would have taken the property subject to her interest. Hence, the transfer had to have occurred on the recording date. The petition was filed on February 17, 1981.

**4.** This calculation allows for only one exemption pursuant to 11 U.S.C. § 522(d)(1) because Mr. Elkind has no record interest in the subject property. Although his counsel claims the property is "marital property" under Colorado law, there is nothing before this Court which indicates the state law provides Mr. Elkind with an equitable interest sufficient to make this property property of his estate within the meaning of 11 U.S.C. §§ 522(d)(1) and 541(a)(1).

**5.** 11 U.S.C. § 1325(a)(4).

voidable, or must the Debtors prove that it is not?

 Recalling that the Court must be satisfied of the existence of all six conditions prescribed by § 1325 before confirmation can be granted, it appears plain that the risk of non-persuasion falls upon the Debtors. If all conditions are not satisfied, it is clear the statute will not permit confirmation.

From the outset, the burden of proving the elements of § 1325 has been upon the Debtors inasmuch as they are the proponents of confirmation.[6] The creditor has come forward with significant and concrete evidence which casts genuine doubt regarding one aspect of the Debtors' case in chief. Thus, the creditor has met the burden of the evidence and at the same time called into question the sufficiency of the Debtors' evidence. Under these circumstances, the burden of going forward to satisfy the Court that despite the circumstances proven by the creditor their plan can be confirmed falls upon the Debtors.[7] It ill suits them to simply sit back and allude to deficiencies in the creditor's evidence, for as already noted, if one of the conditions of § 1325 is not proven to the satisfaction of the Court, confirmation cannot be granted.

The state of the evidence here is such that the Court cannot conclude a liquidating trustee would not succeed in setting aside the mother's deed of trust. Moreover, given the size of their unsecured debt, the number of creditors involved, and the value of their property, all facts contained in the petition, it is not inconceivable that the Debtors' insolvency existed on the date of the transfer. Additionally, given the nature of the relationship between the parties and dubious similar transactions between them established by Donnelly, it does not strain credulity to assume knowledge of that insolvency on the part of the elder Mrs. Elkind.

---

6. *Cf. Owens v. Sun Oil Company*, 482 F.2d 564 (10th Cir., 1973).

7. 29 Am.Jur.2d *Evidence*, §§ 123, 124. *Owens v. Sun Oil Company, supra.*

Accordingly, the Court is not satisfied that the plan provides the unsecured creditors with as much as they would receive on liquidation. Indeed, the contrary appears to be true. Having so concluded, consideration of the remaining objections is unnecessary. Confirmation must be denied.[8]

---

8. In arriving at this conclusion I depart in no way from my holding in *In re Jenkins*, 4 B.R. 278 (Bkrtcy.Colo.1980). In *Jenkins*, the creditor's objection was invalid from the start, thus the debtor in that case was in no burden to go forward. In this case, the contrary is true.