In re Terry Nick **TUMBLESON** f/d/b/a **Tumbleson Manufacturing Company,** **Debtor-Appellant.**

Civ. A. No. 82–K–2216.
Bankruptcy No. 82 B 04170 J.

United States District Court, D. Colorado.

April 4, 1983.

Edward I. Cohen, Denver, Colo., for debtor-appellant.

Janet G. MacFarlane, Denver, Colo., Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

▮▮▮ This is an appeal from the bankruptcy court's denial of confirmation of a Chapter 13 reorganization plan pursuant to 11 U.S.C. 1321 *et seq.* Appellant contends that the court's refusal to confirm is in error, relying on 11 U.S.C. 1325(a) which mandates confirmation if six listed criteria are met. Appellant argues that his plan complies with all six elements and that to allow a court to require something in addition to what the code provides would amount to judicial legislation. The statute reads as follows:

(a) The court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

It is clear that if the conditions of section 1325(a) are met, congress intended confirmation to be mandatory. S.Rep. No. 95–989, 95th Cong., 2d Sess. 142 (1978); H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 430 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

However, § 1325(a)(3) clearly allows a bankruptcy judge discretion in determining whether a reorganization plan is acceptable. As trier of fact, it is the bankruptcy judge's responsibility to determine the presence or absence of good faith. In the instant case, the appellant's lack of good faith is due to his proposed $1.00 payment to cover three years worth of back child support, in the amount of $3,301. The only finding which Judge Brumbaugh relied upon to deny confirmation of the plan stated that "there is no provision for cure of default on priority non-dischargeable debt for past child support."

■ It is true that child support is not listed as a claim having priority under 11 U.S.C. § 507 of the bankruptcy code. However, I interpret this statement to relate to the priority given child support as a non-dischargeable debt pursuant to 11 U.S.C. § 1328. This provision of the code specifically excepts child support from discharge even after a reorganization plan has been approved and completed. It says, in pertinent part:

(a) As soon as practicable after completion by the debtor of all payments under the plan . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title.

Section 1322(a) specifies the mandatory contents of a reorganization plan. Section 1322(b) states the permissive elements of a plan:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(5) . . . provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

The applicable portion of section 523 states:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement.

Appellant states that there are no reported cases dealing with the factual issue presented in this case. However, his own brief cites a Ninth Circuit case which contains language specifically acknowledging that a failure to repay child support could be considered an act of bad faith. In distinguishing circumstances in which (lack of) good faith was improperly considered, the court included testimony found in the Congressional Record:

Senator DeConcini, a leading sponsor of both the Technical Amendments Bill and the 1978 Bankruptcy Reform Act, noted:

[J]udges have had to strain the provisions of Section 1325 by decision or informal rule to reach the right result vis-a-vis the level of payment of the debtor for the particular case.

Many courts have construed the good faith language, Section 1325(a)(3) to this end, which was not intended by Congress in the enactment of that requirement. 126 Cong.Rec.S. 15,175 (daily ed. Dec. 1, 1980) (remarks of Sen. DeConcini); *see also* H.R.Rep. No. 1195, 96th Cong., 2d Sess. 24. Senator DeConcini further stated that the good faith requirement "is meant to bar the confirmation of a chapter 13 plan where the debtor either does not intend to effectuate the plan as proposed or where the proposed plan is for a purpose not permitted under Title 11," citing as an example "any plan the principal purpose of which is to render the debtor incapable of meeting legal obligations for the support and maintenance of a former spouse or dependent child." 126 Cong.Rec.S. 15,175 (daily ed. Dec. 1, 1980).

*Barnes v. Whelan,* 689 F.2d 193, 200 (D.C. Cir.1982).

Appellant next cites an opinion written by then Bankruptcy Judge John P. Moore which also cautioned courts to avoid reading additional provisions into the law or stretching their interpretations of the statute to reach a more equitable outcome. However, at the same time, Judge Moore contrasted this reliance on overly broad statutory interpretation to the plain language of 11 U.S.C. § 1328, and held that § 1328 excepts alimony, maintenance and child support from a Chapter 13 discharge. *In re Jenkins,* 4 B.R. 278 (Bkrtcy.D.Colo. 1980).

Without belaboring the point, I refer to one other instance in which a case supplied by appellant distinguishes child support from the bulk of other Chapter 13 debts. In *In re Sellers,* 81–B–106 (D.Colo.1981), Judge Moore again explains that 11 U.S.C. § 1328 excepts debts

(a) on which the last contract payment becomes due after final payment under the plan; and

(b) for alimony, maintenance, and support;

and refers to the "erudite opinion" in *In re Seely,* 6 B.R. 309 (Bkrtcy.E.D.Va.1980)

which says "There are two exceptions. Does anyone see three? ... One must therefore conclude that every other debt— every other—is dischargeable."

While every case cited by appellant deals with the issue of good faith, the arguments in those cases are directed to the minimal amount of payments made to unsecured creditors rather than to the ramifications of child support as a claim under a Chapter 13 reorganization plan. It is clear from his order that Judge Brumbaugh, in the instant case, has not based his denial of the Chapter 13 confirmation on the $1.00 payment price to each unsecured creditor, but on his finding that provisions for payment of child support are insufficient and therefore violate the good faith requirement necessary for approval of a Chapter 13 reorganization plan.

Case authority, legislative history and public policy all strengthen the position taken by Judge Brumbaugh. Moreover, Bankruptcy Rule 810 requires that the bankruptcy judge's findings be upheld by the reviewing court unless they are clearly erroneous. *Farmers Co-Op Ass'n of Talmage, Kansas v. Strunk,* 671 F.2d 391 (10th Cir.1982).

I conclude that the Order Denying Motion to Confirm was not clearly erroneous. Therefore,

The order of the bankruptcy court is affirmed.