**In re Dennis J. SULLIVAN, Debtor.**

**Bankruptcy No. 882–80899–18.**

United States Bankruptcy Court,
E.D. New York.

July 26, 1984.

Pinks, Feldman & Brooks, Melville, N.Y., for debtor.

Robert G. Cucinell, Hartsdale, N.Y., for Scarsdale Nat. Bank.

Herman H. Tarnow, New York City, for Robin Lazar.

Richard J. McCord, Glen Cove, N.Y., trustee.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

This matter is before the court on the objection of Robin Lazar ("Lazar") to the confirmation of the Chapter 13 plan proposed by Dennis J. Sullivan ("debtor"). Lazar, debtor's former wife, objects to the confirmation of debtor's plan on the ground that the plan does not comply with 11 U.S.C. § 1325(a)(3) which requires that the plan be proposed in "good faith." Alternatively, Lazar seeks a determination that the debt owed to her is nondischargeable under 11 U.S.C. § 1328(a)(2) and 11 U.S.C. § 523(a)(5).

FACTUAL BACKGROUND

The debtor, Dennis J. Sullivan, has been employed as a high school social studies teacher in the Long Beach City School District since December of 1969. Debtor had since 1977 supplemented his income by en-

gaging in various business ventures wherein he would invest his clients' monies in the commodities markets. Beginning in February of 1981, he operated his business under the name of D.J.S. Assets, Management and Finance Establishment ("D.J.S."). D.J.S. was organized pursuant to the laws of Lichtenstein and currently maintains an office in Basel, Switzerland. Through D.J.S., debtor has derived income from investment fees, commission charges, and a percentage of profits earned on investments.

On April 8, 1982 debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Reform Act of 1978 ("Code"). In his Chapter 13 statement, debtor listed his teacher's salary as his only source of future income. Despite the fact that debtor reports that in 1981, the year prior to the filing of his petition, he earned income from D.J.S. in the amount of $12,000.00, his Chapter 13 statement fails to include any projected income from such source. Chapter 13 statement; Tr. of May 10, 1983 at 30–31. At the first meeting of creditors, debtor stated that in January 1982, several months prior to the filing of his petition, he ceased to operate his investment business. Tr. of May 20, 1982 at 9. Consequently, the business would not be generating income during the pendency of the proposed plan and no income from such source could be included in the plan. The debtor failed to offer any cogent basis for the abrupt termination of his business activities. Tr. of May 20, 1982 at 6.

Debtor admits that D.J.S. is technically still in existence and that it is capable of generating additional income if business activities are recommenced. *Id.* at 7. He indicates that D.J.S. holds the sum of $35,-000.00 in an investment account with the Central Cooperative Bank of Basel, Switzerland. *Id.* at 4. Debtor has failed, however, to honor subpoenaes and discovery requests to produce business records substantiating the fact that D.J.S. has ceased doing business. Tr. of May 10, 1983 at 36, 56–57; Tr. of February 15, 1984 at 34–46. Moreover, he had failed up until the date scheduled for confirmation to honor demands for the disclosure of the identity of the owners of the $35,000.00 held in the D.J.S. account.

Debtor has attempted to justify his failure to disclose such information on the grounds that he is protected by foreign secrecy laws. Nevertheless, he has failed to substantiate the existence of such law, its scope or its applicability to the instant factual context. Tr. of May 10, 1983 at 33–34.

## DEBTOR HAS FAILED TO PROPOSE HIS PLAN IN GOOD FAITH

Confirmation of a plan under Chapter 13 of the Code must rest upon a finding by the court that the plan comports with the six elements set forth in 11 U.S.C. § 1325(a). Section 1325(a)(3) states that "the plan [must be] ... proposed in good faith and not by means forbidden by law." 11 U.S.C. § 1325(a)(3) (Supp. IV 1980). *See In re Johnson,* 708 F.2d 865 (2d Cir.1983); *In re Estus,* 695 F.2d 311 (8th Cir.1982); *In re Perez,* 20 B.R. 879 (Bkrtcy.E.D.N.Y. 1982); 5 *Collier on Bankruptcy,* ¶ 1325.-01[2][c] at 1325–8 (15th ed. 1983).

The term "good faith" is not defined in the Code or in its legislative history. Courts have, in attempting to clarify the concept of good faith set forth in § 1325(a)(3), recognized that no precise and comprehensive definition is possible. Nevertheless, several courts have determined that any inquiry must center on whether under the facts and circumstances of the case there has been an abuse of the provisions, purpose, or spirit of Chapter 13 in the proposal of debtor's plan. 709 F.2d at 1347; 695 F.2d at 315; 20 B.R. at 882–883; *In re Cohen,* 13 B.R. 350, 7 B.C.D. 1399 (Bkrtcy.E.D.N.Y.1981); 5 *Collier on Bankruptcy,* ¶ 1325.01[2][c] at 1325–8 (15th ed. 1983).

The Court of Appeals for the Second Circuit has held that the concept of "good faith" requires a showing of "honesty of intention." 708 F.2d at 868; *accord Barnes v. Whelan,* 689 F.2d 193, 200 (D.C. Cir.1983); *see also In re Goeb,* 675 F.2d 1386, 1391 (9th Cir.1982).

■ The burden of proof in establishing that a Chapter 13 plan has been proposed in good faith falls upon the debtor. 13 B.R. at 884; *In re Elkind*, 11 B.R. 473, 4 C.B.C.2d 687, 7 B.C.D. 1019 (Bkrtcy.D.Colo. 1981); *In re Ponteri*, 31 B.R. 859, 8 C.B. C.2d 1225, 10 B.C.D. 1090 (Bkrtcy.D.N.J. 1983). After review of the facts and circumstances of this case, the court finds that debtor has failed to meet such burden.

The circumstances surrounding debtor's alleged cessation of D.J.S. dictate a finding that debtor's plan has been proposed in bad faith. As has been stated above, the debtor has testified that he ceased the business operations of D.J.S. three months prior to the filing of his bankruptcy petition. When pressed as to the basis for such discontinuance, debtor stated "because of all these things that have gone on." Tr. of May 20, 1982 at 6. Such an explanation is tantamount to no explanation at all.

Debtor has further testified that there is currently $35,000.00 held in his D.J.S. account, *id.* at 4, and that all of said funds belong to D.J.S. clients.

If debtor's testimony is to be believed in its entirety, in the absence of a reasonable explanation proffered by debtor, this court must find that the discontinuance of the business of D.J.S. was motivated by debtor's intent to minimize the income available for distribution to creditors under his plan. Under this interpretation of the evidence, the debtor has failed to manifest the requisite honesty of intention to mandate a conclusion of "good faith" under § 1325(a)(3).

However, several factors raise serious questions as to the veracity of debtor's explanation for ceasing business operations. The court finds it at best curious that the alleged investors have allowed their funds to lie dormant in the D.J.S. account for an undetermined amount of time. However, assuming such is the case, the only reasonable explanation for such conduct is that these investors expect the money to be invested for them in the near future, assuming it is not currently being invested. An alternative explanation for the sum of $35,000.00 remaining in such account is that such sum constitutes funds

of the debtor. Either of these latter inferences is further supported by the fact that the debtor has failed to produce the business records of D.J.S.

■ An established principle of law articulates that where a party to an action withholds relevant evidence under his control without satisfactory explanation, the court may draw the inference that such evidence would be unfavorable to him. 29 Am.Jr.2d Evidence § 178 (1964); *Gumbs v. International Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir.1983); *The Grace A. Barrett*, 73 F.Supp. 832, 839 (S.D.N.Y.1947).

■ Debtor admits that as owner of D.J.S. he has control over and possession of documents pertaining to the operations of D.J.S., including records of the activity of the D.J.S. account containing the client funds. Tr. of May 10, 1983, at 56–57. Although subpoenaed to produce them, debtor has asserted as his basis for refusal that production of such records would contravene secrecy laws of Lichtenstein and Switzerland. *Id.* at 33–34, 100. Premised upon the fact that debtor is relying on these laws to excuse his production of the documents, he carries the burden of proving that these laws bar such production. *U.S. v. Vetco, Inc.*, 691 F.2d 1281, 1289 (9th Cir.1981); *First National City Bank of New York v. Internal Revenue Service*, 271 F.2d 616, 619–620 (2d Cir.1959), *cert. denied* 361 U.S. 948, 80 S.Ct. 402, 4 L.Ed.2d 381 (1960). Debtor has failed to meet this burden.

■ Consequently, under any reasonable interpretation of debtor's testimony, debtor has failed to evidence the requisite "honesty of intention" necessary to demonstrate that his plan has been proposed in good faith.

## DEBTOR HAS FAILED TO SUPPLY FINANCIAL DATA

■ There exists a second implication to debtor's failure to submit the financial records of D.J.S. As has been noted, debtor has failed to produce, in the face of a subpoena, discovery request, and direction

by the court, financial records to support his assertion that D.J.S. has ceased business operations. Debtor's failure to supply financial records has effectively precluded creditors from conducting a thorough investigation into his affairs. Where the debtor has failed to cooperate with creditors who are attempting to investigate his financial status, the court is warranted in concluding that the debtor has not proposed his plan in good faith. *See In re Pappas*, 17 B.R. 662 (Bkrtcy.D.Mass.1982). The imposition of the obligation upon a debtor to produce requested records is a reasonable *quid pro quo* for the benefits accorded under Chapter 13.

CONCLUSION

Based upon the foregoing, the court finds that the debtor has not proposed his plan in good faith as required under 11 U.S.C. § 1325(a)(3). Consequently, confirmation must be denied, and on Lazar's motion, debtor's case is dismissed. *See* 11 U.S.C. § 1307(c)(4). Accordingly, the court need not address the issues implicated by Lazar's complaint to determine the nondischargeability of the debt owed to her by debtor under 11 U.S.C. § 1328(a)(2) and 11 U.S.C. § 523(a)(5).

SUBMIT ORDER.