In re Everett James HUBER, SSN: 524–34–9644 and Therma Eileen Huber, SSN: 526–58–0496, Debtors.

Bankruptcy No. 87 B 06242 J.

United States Bankruptcy Court, D. Colorado.

Dec. 3, 1987.

Thomas E. Croak, Longmont, Colo., for debtors.

Andrew P. Hamano, Asst. Co. Atty., Boulder, Colo., for Boulder County Dept. of Social Services.

Elizabeth Tulloch, Denver, Colo., for the standing Chapter 13 trustee.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon a motion to confirm a Chapter 13 Plan ("the Plan") filed by the Debtors and an objection thereto filed by the Boulder County Department of Social Services (the "County"). The County objects, pursuant to § 523(a)(5), alleging a bad faith filing, because the Plan fails to provide for a nondischargeable debt of $1,828.00 owed to it by the Debtors for a foster care support fee arising from the placement of the Debtors' minor child in the custody of the Court.

The Court notes that the Debtors filed their joint petition under Chapter 13 of the Code on May 29, 1987. An analysis of the schedules and budget herein shows that the Debtors failed to schedule the obligation owing to the County or provide for its payment in their budget. These are

themselves indicia of bad faith. *See, In re Tumbleson,* 28 B.R. 663 (D.Colo.1983). On the other hand, including this debt in the Plan causes it to be unfeasible in contravention of § 1325(a)(6).

■ This obligation arose in March of 1985, when the District Court for the 20th Judicial District (the "State Court") became involved in the Debtors' domestic affairs. It issued a temporary protective order regarding a child of the Debtors and shortly thereafter placed the child into foster care. In May of 1985, the State Court issued an adjudication of dependency and neglect regarding the child, and the County's proof of claim is based on the expenses incurred for the child's care.

An analysis of the Code, applicable state statutes, and bankruptcy case law demonstrate that the County's position is meritorious and confirmation must be denied at this time. Section 523(a)(5) is the applicable section herein which provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt.

(5) to a spouse, former spouse, or child of the debtor, for alimony to maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other orders of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned ... to a State or any political subdivision of such State)

The Debtors argue that the debt must indeed be owed "to" the child not the County otherwise it is dischargeable. Alternatively, the Debtors assert that the debt was somehow "assigned" to the County in contravention of 523(a)(5)(A) thus making it dischargeable. The Debtors are incorrect on both counts.

■ The determination of what constitutes alimony or support is a matter of federal not state law, *In re Heverly,* 68 B.R. 21 (Bankr.M.D.Fla.1986), but "[t]his does not mean that prior state determinations are irrelevant." *In re Morris,* 14 B.R. 217, 218 (Bankr.D.Colo.1981). The debt is predicated on two Colorado statutes. The first, C.R.S. § 19–1–103(24) concerns residual parental rights. It provides:

(24) "Residual parental rights and responsibilities" means those rights and responsibilities remaining with the parent after legal custody, guardianship of the person, or both have been vested in another person, agency, or institution, including, but not necessarily limited to, the responsibility for support....

The second applicable statute reads:

(d) A decree vesting legal custody of a child or providing for placement of a child pursuant to section 19–2–103, 19–3–101.1, or 19–3–109 with an agency in which public moneys are expended shall be accompanied by an order of the court which obligates the parent of the child to pay a fee, based on the parent's ability to pay, to cover the costs of the guardian ad litem and of providing for residential care of the child. When custody of the child is given to the county department of social services, such fee for residential care shall be in accordance with the fee requirements as provided by rule of the department of social services, and such fee shall apply, to the extent unpaid, to the entire period of placement.

C.R.S. § 19–3–115(4)(d). Pursuant to these statutes, this Court finds that the disputed debt herein is in the nature of child support and as such, is nondischargeable.

This case is remarkably similar to *In re Morris,* 14 B.R. 217 (Bankr.D.Colo.1981) in which then Bankruptcy Judge Moore analyzed an analogous Colorado statute, C.R.S. § 14–10–116(1773) and § 523(a)(5), and determined that payments to a third party which benefited a child were nondischargeable in bankruptcy. Clearly, the Colorado General Assembly has legislated a parental duty to provide for the support of their minor children. A strict reading of

§ 523(a)(5) as "to whom" payments are made defeats both the state statutes and the intent of the Code because "obligations arising out of the family relationship and the stability generated thereby outweighs the general bankruptcy goal of a fresh start." *Morris*, at 220. *See also, In re Lathouwers*, 54 B.R. 205 (Bankr.D.Colo. 1985).

As to the issue of assignment the Debtors' arguments fail on two grounds. First, § 523(a)(5)(A) clearly excepts from its anti-assignment language those debts assigned to a political subdivision of the State. The County is certainly such an entity. *See also*, § 101(26). Furthermore, "[t]he Bankruptcy Code, in Section 523 has, by way of the 1984 amendments, made it clear that the policy of nondischargeability as to child support and alimony payments applies whether the claim is held by the former wife [or child] or has been assigned to a governmental unit for collection." *In re Davidson*, 72 B.R. 384, 388–389 (Bankr.D. Colo.1987). Second, no assignment occurred. The obligation is owed "to" the County and here under the nondischargeability analysis *supra* the Debtors cannot prevail.

Indeed this court agrees with the holding of *Davidson* in that:

> If the debtor wishes to propose an arrangement under his Chapter 13 plan to defer the payment of the child support obligations, the debtor must bear the burden of obtaining from the party due such obligations the express agreement to have the past due claims treated in the manner proposed in the plan. If the debtor is unable to obtain the express written approval of the former spouse or Department of Social Services, then a plan which purports to treat and discharge past due child support or alimony obligations, whether by way of compromise or deferral, must be determined to fail the requirements of Section 1325(a)(3) of the Code and confirmation of such a plan must be denied. *Id.* at 389.

The Plan as filed fails both the good faith requirement of § 1325(a)(3) and the feasibility requirement of § 1325(a)(6) because it does not include the nondischargeable child support obligation. It is therefore,

ORDERED that the Debtors' motion to confirm is denied, and

FURTHER ORDERED that the Debtors shall have fifteen (15) days from the date of this Order to amend their plan and obtain the written consent of the Boulder County Department of Social Services regarding the method of payment for the past due child support obligation, failing which this case shall be dismissed without further notice or hearing.