DAVID R. THOMPSON, Circuit Judge:
 

 Delbert and Ethel Barnes (Creditors) appeal the district court’s order affirming the bankruptcy court’s confirmation of the Chapter 13 Plan of Reorganization of Lance C. and Virginia R. Barnes (Debtors). The Creditors argue that the plan’s failure to comply with 11 U.S.C. §§ 1325(a)(5)(B)(ii) and 1322(c) required the bankruptcy court to deny confirmation. We agree and we reverse.
 

 FACTS
 

 The Debtors bought forty acres of land from the Creditors. They entered into a purchase agreement that provided for a purchase price of $73,750, with $4,750 to be paid immediately and $69,000 to be paid in annual installments of $8,190 over a period of twenty years. The Debtors defaulted on this agreement and filed a Chapter 13 petition in bankruptcy.
 

 At the time the Debtors filed their Chapter 13 petition, they owed the Creditors $69,-000 under the agreement. The bankruptcy court fixed the value of the real property at $43,000, allowed the Creditors’ secured claim in that amount, and confirmed the Debtors’ Chapter 13 plan. The plan provided for annual payments on the allowed $43,000 secured claim with ten percent interest, amortized over nineteen years, the remaining term under the agreement.
 

 The Creditors appealed the confirmation order to the United States District Court for the District of Montana, which affirmed. The Creditors appeal to this court. We have jurisdiction under 28 U.S.C. § 158(d) and 28 U.S.C. § 1291.
 

 ANALYSIS
 

 11 U.S.C. § 1325 (1988) provides:
 

 (a) Except as provided in subsection (b), the court shall confirm a plan if—
 

 (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;
 

 (2) any fee ... has been paid;
 

 (3) the plan has been proposed in good faith ...;
 

 (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
 

 
 *407
 
 (5) with respect to each allowed secured claim provided for by the plan—
 

 (A) the holder of such claim has accepted the plan;
 

 (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
 

 (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
 

 (C) the debtor surrenders the property securing such claim to such holder; and
 

 (6) the debtor will be able to make all payments under the plan and comply with the plan.
 

 The Creditors argue a court can only confirm a Chapter 13 plan if the plan meets the requirements of § 1325. They contend § 1325(a)(5)(B)(ii) was not complied with because the plan proposed payment to them of only $25,703.25 during the five-year term of the plan, and the allowed amount of their secured claim was $43,000.
 

 The Debtors do not dispute that the plan fails to comply with § 1325(a)(5)(B)(ii). They argue this is not controlling because such a failure is simply one of the factors a court takes into consideration in exercising its discretion whether to confirm a plan. In support of this argument they rely on the Third Circuit’s decision in
 
 In re Szostek,
 
 886 F.2d 1405 (3d Cir.1989). There, the Third Circuit stated:
 

 We must determine whether § 1325(a)(5)(B)(ii) is mandatory ... or whether the section is discretionary.... [T]he language of § 1325(a) states that a ‘court shall confirm a plan if certain things occur. However, it does not state ‘only if the described events occur. Thus, the logical interpretation is that if the conditions of § 1325 occur, the court
 
 must
 
 confirm the plan. On the other hand, if the conditions of § 1325(a) are not met, ... the court has the discretion to confirm the plan.
 

 Id.
 
 at 1405.
 

 It is possible to distinguish
 
 In re Szostek
 
 on the ground that the creditor in that case did not timely object to the plan, whereas the Creditors here did. But this distinction does not account for the broad language quoted above.
 

 We have not heretofore considered whether the language of § 1325(a) (5) (B )(ii) is a mandatory requirement for confirmation of a Chapter 13 plan of reorganization. We have considered, however, the question whether the good faith requirement of § 1325(a)(3) is such a mandatory requirement. In
 
 Chinichian v. Campolongo,
 
 784 F.2d 1440 (9th Cir.1986), we held it was. We reasoned this was so because a bankruptcy court has jurisdiction to revoke a plan if the plan was not filed in good faith.
 
 Id.
 
 at 1442. We also stated: “For a court to confirm a plan, each of the requirements of section 1325
 
 must be present
 
 and the debtor has the burden of proving that each element has been met.”
 
 Id.
 
 at 1443 — 44 (citing
 
 In re Elkind,
 
 11 B.R. 473, 476 (Bankr.D.Colo.1981)) (emphasis added).
 
 Accord 550 West Ina Rd. Trust v. Tucker,
 
 989 F.2d 328, 330 (9th Cir.1993);
 
 Downey Sav. and Loan Ass’n v. Metz,
 
 820 F.2d 1495, 1496 (9th Cir.1987).
 
 See also In re Pearson,
 
 10 B.R. 189, 194 (Bankr.E.D.N.Y.1981) (“Before a court may confirm a Chapter 13 plan, it must find ... that [the] two conditions [of §§ 1325(a)(5)(B)(i) and 1325(a)(5)(B)(ii) ] have been met_”);
 
 In re Lucas,
 
 3 B.R. 252, 253 (Bankr.S.D.Cal.1980) (“In order to confirm any Chapter 13 Plan, the court must be satisfied ... that the plan meets all of the requirements of § 1325(a).”).
 

 We conclude that, like the requirement of 11 U.S.C. § 1325(3), the requirement of § 1325(a)(5)(B)(ii) is mandatory. The bankruptcy court cannot confirm a plan of reorganization that does not comply with this requirement. Here, the value of the property to be distributed during the term of the five-year plan on account of the allowed secured claim is $25,703.25. This is less than the allowed amount of the secured claim, $43,000 plus interest, and the Debtors have not surrendered the property securing the claim. The bankruptcy court erred in confirming the plan.
 

 Nor is the plan in compliance with § 1322(c). This section provides:
 

 
 *408
 
 The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.
 

 11 U.S.C. § 1322(c) (1988). The plan in this case provides for payments over a period of nineteen years. The Debtors did not cure the defaults under the Creditors’ mortgage, and thus § 1322(b)(5) (1988) is inapplicable.
 
 See In re Scott,
 
 121 B.R. 605, 608 (Bankr. E.D.Okla.1990).
 

 REVERSED.