In re Joseph E. HAAS, Debtor.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellant,

v.

Joseph E. HAAS, Appellee.

Civil Action No. 96–3748.

United States District Court, E.D. Pennsylvania.

Dec. 24, 1996.

Arlene Glenn Simolike, Philadelphia, PA, Jill M. Vogenberg, Arlene Glenn Simolike and Assocs., Philadelphia, PA, for Joseph E. Haas Debtor/Appellee.

Shannon L. Hough, Tax Div., U.S. Dept. of Justice, Washington, DC, for United States of America, Internal Revenue Service.

Edward Sparkman, Chapter 13 Trustee, Philadelphia, PA, pro se.

## ·MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Appellant Creditor Internal Revenue Service ("Creditor") appeals the Order of the United States Bankruptcy Court confirming the Chapter 13 Plan of Appellee Debtor Joseph E. Haas ("Debtor"). Creditor alleges that failure of the Debtor's plan of reorganization to provide for the payment of interest on its allowed secured claim precluded the bankruptcy court from confirming the plan over the Creditor's timely objection. The Court agrees and therefore reverses.

### I.

Debtor filed a Chapter 13 bankruptcy petition on May 4, 1995. (doc. 1, item 3) On August 16, 1995, Creditor filed a proof of claim asserting a right to payment against the Debtor on a secured claim in the amount of $105,097.88 and an unsecured claim in the amount of $26,578.40. (doc. 1, item 6) Creditor's proof of claim, however, did not include an express claim for interest on its secured claim. On January 26, 1996, Debtor filed an amended Chapter 13 plan. (doc. 1, item 3)

On March 7, 1996, Debtor filed a second amended Chapter 13 plan ("the Plan"), which provided for payments to Creditor of $2008.48 per month for 60 months, but did not provide for any interest payments on Creditor's secured claim. (doc. 1, item 4) On March 20, 1996, Creditor filed an objection to confirmation of the Plan, claiming that it was entitled to interest under 11 U.S.C. § 1325(a)(5)(B)(ii) on its secured claim. (doc. 1, item 3) On April 9, 1996, the bankruptcy court held a hearing on confirmation of the Plan. At the confirmation hearing, Creditor again objected to confirmation of the Plan. The bankruptcy court overruled Creditor's objection and issued an order confirming the Plan. (doc. 1, item 2) This appeal followed.

### II.

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). The district court reviews the bankruptcy court's findings of fact for clear error. *Rankin v. DeSarno,* 89 F.3d 1123, 1126 (3d Cir.1996). It exercises plenary review, however, in regard to the bankruptcy court's "choice, application, and interpretation of legal precepts." *Id.* (*quoting Sharon Steel Corp. v. National Fuel Gas Distrib. Corp.,* 872 F.2d 36, 38 (3d Cir.1989)). Since the issue in the case involves whether the Debtor has satisfied the legal requirements for confirmation of a Chapter 13 plan, the Court's standard of review is plenary.

### III.

Section 11 U.S.C. § 1325 (1988) of the Bankruptcy Code governs the treatment of secured claims in a Chapter 13 case. 11 U.S.C. § 1325 provides as follows:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

(2) any fee ... has been paid;

(3) the plan has been proposed in good faith ...;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount

that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) *the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or*

(C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

(emphasis added).

Creditor argues that § 1325(a)(5)(B)(ii) permits the bankruptcy court to confirm a Chapter 13 plan only where the plan provides for the calculation of present value, including principal plus interest, regardless of whether Creditor has made an express demand for interest due under § 1325(a)(5)(B)(ii) in its filed proof of claim. Creditor alleges that since the Plan did not comply with § 1325(a)(5)(B)(ii), e.g. it did not provide for the payment of interest on its allowed secured claim, and because it objected to the Plan prior to confirmation, the bankruptcy court was not permitted to confirm the Plan.

Debtor does not dispute that the Plan fails to comply with the express provisions of § 1325(a)(5)(B)(ii). Rather, Debtor argues that this fact alone is not controlling because satisfaction of § 1325(a)(5)(B)(ii) is not mandatory for confirmation.

The plain language of the statute supports Creditor's contention that it is entitled to interest on its allowed secured claim. Under § 1325(a)(5)(b)(ii), the holder of the allowed secured claim is entitled to "the value, as of the effective date of the plan." The Third Circuit has interpreted § 1325(a)(5)(B)(ii) to require ordinarily the payment of interest on a creditor's allowed secured claim throughout the payment period under the plan.[1] *See General Motors Acceptance Corporation v. Jones,* 999 F.2d 63, 65 (3d Cir.1993) (holding that the appropriate rate of interest under § 1325(a)(5)(B)(ii) is that which the secured creditor would charge, at the effective date of the plan, for a loan similar in character, amount and duration to the credit which the creditor will be required to extend under the plan). This view is consistent with the position taken by other courts of appeals and the leading commentator on bankruptcy law. *See e.g., In re Barnes,* 32 F.3d 405, 407 (9th Cir.1994) (holding that § 1325(a)(5)(B)(ii) is a mandatory requirement for confirmation); *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d 427, 429 (6th Cir.1982) (explaining that § 1325(a)(5)(B) requires the bankruptcy court to assess interest on a creditor's secured claim); 5 *Collier on Bankruptcy* § 1325.06 at 1325–49 (15th ed. 1996). Following the Third Circuit's position that a secured creditor is ordinarily entitled to the payment of interest under § 1325(a)(5)(B)(ii) on its secured claim, the Court finds that the Creditor in this case was entitled to the payment of interest on its secured claim, regardless of whether it asserted an express claim for interest on its secured claim in its filed proof of claim.[2]

---

1. In explaining the meaning of the present value requirement in § 1325(a)(5)(B)(ii), the Third Circuit has cited with approval a bankruptcy court case which defines the concept as follows:

'Present value' or the 'time value of money' is not a legal concept, but rather it is a term of art in the financial community. It simply means that a dollar received today is worth more than a dollar to be received in the future. To compensate the creditor for not receiving its money today, the debtor is charged an additional amount of money. The charge is based on a rate of interest called a 'discount rate.' The discount rate is used to calculate how

much the creditor should be paid so it will have the same amount of money in the future as it would have had it if did not have to wait to be paid.

*In re Szostek,* 886 F.2d 1405, 1406 n. 1 (3d Cir.1989) (quoting *In re Fisher,* 29 B.R. 542, 543 (Bkrtcy.D.Kan.1983)).

2. While neither § 1325(a)(5)(B)(ii) nor Rule 3001 of the Federal Rules of Bankruptcy Procedure requires a secured creditor to include a claim for interest in its filed proof of claim, as a matter of administrative convenience, and apparently as it is the practice of the IRS in some other districts,

Debtor's relies on the Third Circuit's decision in *In re Szostek*, 886 F.2d 1405 (3d Cir.1989). To be sure, in *Szostek*, the Third Circuit carved out an exception to the general rule that the requirement of § 1325(a)(5)(B)(ii) is mandatory for confirmation by finding that the bankruptcy court had the discretion to confirm a plan that did not comply with § 1325(a)(5)(B)(ii) where the creditor did not object to the plan prior to confirmation. *See Szostek*, 886 F.2d at 1412. The *Szostek* Court emphasized that the need for finality with regard to a confirmation order outweighed any reason to permit the creditor, who had remained silent throughout the confirmation process, to raise a post-confirmation challenge under § 1325(a)(5)(b)(ii). *See id.* at 1413.

*Szostek* is inapplicable in the instant case. Whereas the creditor in *Szostek* did not object to the plan prior to confirmation, the creditor here did.[3] Therefore, the need for finality i.e., to protect the integrity of a confirmed plan against post-confirmation challenges, which informed the judgment of the *Szostek* Court, is missing in this case. Since compliance with § 1325(a)(5)(B)(ii) is mandatory and the Creditor objected to the Plan prior to confirmation, the bankruptcy court was not permitted to confirm the Plan over Creditor's objection.

## IV.

For the above reasons, the order of the bankruptcy court confirming the Plan is vacated and the case is remanded to the bankruptcy court for further proceedings consistent with this Memorandum.[4]

the IRS would be well advised to include such a claim in future proofs of claim.

3. In *In re Barnes*, 32 F.3d 405 (9th Cir.1994), the U.S. Court of Appeals for the Ninth Circuit held that the requirement of § 1325(a)(5)(B)(ii) is mandatory, not discretionary, in a case where the Creditor objected to the plan prior to confirmation. The Ninth Circuit, however, did not rely solely on the fact that the objection was made prior to confirmation as a basis for finding that the rationale of *Szostek* was inapplicable. Rather, the Ninth Circuit relied on its earlier decision that the "good faith" requirement in § 1325(a)(3) was mandatory to support its position in *Barnes* that each provision in § 1325, including § 1325(a)(5)(B)(ii), is mandatory. *See In re Barnes*, 32 F.3d 405, 407 (9th Cir.1994) (citing *Chinichian v. Campolongo*, 784 F.2d 1440, 1443–44 (9th Cir.1986)).

4. At oral argument, neither party advised the Court that any portion of the Plan had been consummated.