# FILED

FEB 4 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: <br> THOMAS MONROE MATTHEWS, <br>       Debtor. | BAP No.  SC-21-1106-SFL <br><br> Bk. No. 19-02355-CL13 |
| THOMAS MONROE MATTHEWS, <br>       Appellant, <br> v. <br> COUNTY OF SAN DIEGO TREASURER-<br>TAX COLLECTOR; THOMAS H. <br> BILLINGSLEA, JR., Trustee, <br>       Appellees. | MEMORANDUM[1] |

Appeal from the United States Bankruptcy Court
for the Southern District of California
Christopher B. Latham, Chief Bankruptcy Judge, Presiding

Before: SPRAKER, FARIS, and LAFFERTY, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Thomas Monroe Matthews appeals from the bankruptcy court's denial of plan confirmation and dismissal of his chapter 13[1] bankruptcy case. The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (L). We have jurisdiction over this appeal under 28 U.S.C. § 158.

We review de novo plan confirmation rulings that hinge on construction of the Code and not on disputed factual issues. *Meyer v. Lepe (In re Lepe)*, 470 B.R. 851, 855 (9th Cir. BAP 2012). De novo review means we give no deference to the bankruptcy court's decision. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014). We review the bankruptcy court's dismissal of the debtor's chapter 13 case for an abuse of discretion. *Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)*, 455 B.R. 904, 914 (9th Cir. BAP 2011). The bankruptcy court abuses its discretion if it applies an incorrect rule of law or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

Matthews' chapter 13 case centered on the claim of $243,840.47 held by the San Diego County Treasurer-Tax Collector ("County") secured by tax liens against his real property, including residential real property he owned in El Cajon, California ("Residence"). After years of litigating against the County in administrative proceedings as well as state and

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

federal courts, Matthews filed an adversary proceeding against the County and objected to its claim. The bankruptcy court dismissed the adversary proceeding and overruled the claim objection. Matthews failed to timely appeal either matter. As such, Matthews' challenges to the County's secured claim — and the damages claims he asserted — are beyond the scope of this appeal. We are without jurisdiction to consider in this appeal arguments related to those matters. *Jue v. Liu (In re Liu)*, 611 B.R. 864, 872 (9th Cir. BAP 2020); *Wilkins v. Menchaca (In re Wilkins)*, 587 B.R. 97, 107 (9th Cir. BAP 2018).

Matthews proposed to pay monthly plan payments of $200 for 36 months. As noted by the County and the chapter 13 trustee in their objections to confirmation, the proposed plan payments were woefully short of the amount needed to pay the County's secured claim. While Matthews advised that he was willing to sell the Residence and hired a listing agent, the listing expired without a sale.

The bankruptcy court conducted ten confirmation hearings over two years. Prior to the final confirmation hearing, the court advised Matthews of his last chance to sell the Residence. Matthews failed to notice any sale before the final confirmation hearing, and the court found that he had abandoned his efforts to sell the Residence.

At the tenth and final confirmation hearing, the court denied confirmation because the plan was not feasible and dismissed the case,

finding that there was unreasonable delay that was prejudicial to the creditors.

On appeal, Matthews continues his efforts to relitigate his claims against the County and to disallow its secured claim. However, as noted above, this appeal is limited to the denial of plan confirmation and dismissal of his bankruptcy case. Matthews has not pointed us to any error in these rulings.

Nor has our review of the record revealed any such errors. It was Matthews' obligation to propose and confirm a feasible plan to pay the County's allowed secured claim in full over the term of the plan. Despite having two years to do so, the payments provided for in his amended plan were patently insufficient, and he failed to sell the Residence. Accordingly, the bankruptcy court's ruling that Matthews had unreasonably delayed plan confirmation to the prejudice of his creditors was amply supported. The record is devoid of any evidence reflecting his ability to make sufficient plan payments, and Matthews does not deny that he abandoned his effort to sell the real property. At bottom, Matthews' failure adequately to provide for the County's allowed secured claim rendered his plan unconfirmable. *See* § 1325(a)(5)(B)(ii); *Barnes v. Barnes (In re Barnes)*, 32 F.3d 405, 407 (9th Cir. 1994); *Mead v. Loheit (In re Mead)*, BAP No. EC-09-1241-MkHDu, 2010 WL 6259982, at *8 (9th Cir. BAP June 15, 2010), *aff'd*, 529 F. App'x 835 (9th Cir. 2013).

In sum, two years had elapsed since Matthews had commenced his bankruptcy, and there was no hope of a confirmable plan on the horizon. Such delay constitutes "cause" for dismissal or conversion. *See Jimenez v. ARCPE 1, LLP (In re Jimenez)*, 613 B.R. 537, 543 (9th Cir. BAP 2020) (citing § 1307(c)(1)).[2]

All of the arguments Matthews has raised on appeal either are irrelevant to the rulings timely appealed, lack merit, or both.

For the reasons set forth above, we AFFIRM.

---

[2] When the debtor does not seek conversion as an alternative to dismissal and the record does not reflect that conversion was a better option in light of the creditors' interests, the bankruptcy court does not commit reversible error by not considering conversion as an alternative to dismissal. *In re Jimenez*, 613 B.R at 544.